Chief Justice Robertson,
delivered the opinion of the court.
Petes. Cotjciiman sued Andrew G. Mills, by warrant, before a justice of file peace, for £22, and obtained a judgment for $14. Mills appealed to the circuit court. The court being of opinion, that the amount of the judgment must be the test for ascertaining whether an appeal shall he taken to the county or the circuit court, dismissed the appeal, be 'cause the judgment was for a sum less than five pounds.
The circuit courterred. Ithad jurisdiction; and no other court could have taken cognizance of the appeal.
The 4th section of the act of 1812, increasing the jurisdiction of justices of the peace, declares, among °^ler fbing8? that, “in all cases tried and determined before a single justice, where the matter in controversy shall be above jive pdunds, either party shall have a right to appea] from the judgment of such justice, to the circuit court of thc.counly in which the judgment shall have been given.”
, , The amount “in controversy,” is the debt sued for., jt has been repeatedly decided by this court, that in cases ex contractu, the amount of the debt dr damages laidm fhe declaration, and not the sum recovered, mufef. regulate the jurisdiction.
To authorize an appeal to the supreme court of the Union, in certain cases, Hhe mailer in dispute must exceed $2,000” And the supreme court has decided, that the amount claimed in the declaration or bill, and not the sum fixed by the judgment or decree of the court, is the matter in dispute, and will govern the right of appeal; see Wilson vs. Daniel, III Dallas, 401, or Peters’s Cond. Rep. Vol. 1, 185.
If a creditor, claiming $4.0, and knowing that his claim is just, obtain a judgment before a justice, for only $15; must he appeal to the county court? He has no doubt that he will be able to recover $40, by taking an appeal. If he appeal to the county court, he can- *243 pot recover more than five pounds; lie cannot claim more. lie must therefore, either submit to an erroneous and unjust judgment, or must appeal to the cuit court. In such a case, the matter in controversy, is the debt claimed in the warrant.
On an appeal to the ?°.un*£ court, plaintiff cannot rccov-ttian
When fJebt 0]aimnci ;n the warrant be'to^ivo13 circuit court.
If the defendant in the warrant desire to appeal, he not only may, but should take his appeal to the court, to which the plaintiff might appeal.
The case will be tried on the appeal, as if it had never been tried before; and the creditor may have judgment, for whatever he shall bé entitled to, provided it shall not exceed the sum claimed in his warrant. The sum charged in the warrant like that laid in a declaration, will give jurisdiction. If the debtor will appeal therefore, the creditor has a light to the benefits oi an appeal to the circuit court, whenever his demand shall exceed five pounds, although his judgment may be for a less sum. lie is not restricted in the trial of the appeal, to the amount of his judgment in the country.
It therefore results necessarily, that in such a case as this, the defendant in the warrant must take his appeal to the circuit court, or there may bé two appeals, pne by him to the county court, and the other by the plaintiff to the circuit court. Suppose both parties in this case, had been dissatisfied with the judgment of the justice, if-Mills had appealed to the county court, Couchman must either have appealed to the circuit court, or have abandoned his claim, so far as it exceeded five pounds. He could not be compelled thus to abandon any portion of his claim; and two appeals to different tribunals, at the same time and from the same judgment would present an anomaly in judicial proceedings; which judgment would control, that of th« circuit court or that of the county court?
The letter of the act of assembly, the reason of the case, authority and analogy, all prove that the appeal was properly taken to the circuit court; and was therefore, improperly dismissed.,
A creditor knowing that he is entitled to notas much as five pounds, may claim more in his warrant, for the purpose of harrassing his debtor with the costs of an appeal to the circuit court. But this does not show that the circuit court should not entertain jurisdiction. *244 For the same argument would equally apply to suits for money instituted originally in the circuit court; and would impose on the creditor, the penalty of losing a just claim to more than five pounds, unless be could induce a jury to find that he is entitled to more than that sum. The possibility of abuse therefore, cannot affect the right of appeal to the circuit court. The legislature have attempted to prevent such abuse, by enacting (5th sec. ses. acts of 1828, page 228) that a creditor who shall not recover, on his appeal more than was adjudged to him by the justice, shall pay the costs of the appeal. This may not apply exclusively to appeals to the circuit court; and it would have been more efficacious, if it had also subjected the appellant, in the circuit court, to costs, unless he should récoVer five pounds, or more. But whether the legislation on this subject be imperfect or not, cannot be material in considering the question of jurisdiction. That belongs clearly, in such a case as this, to the circuit court.
Mills and Brown, for plaintiff; T. Jl. Marshall, for defendant. ' >
Wherefore, the judgment of the circuit court is reversed and the cause remanded, for trial on the appeal.